# Christy, Appellant, *v.* Philadelphia & Reading Railway Company.

*Real property—Trespass—Obstruction of light and air—Title—Bed of street.*

In an action of trespass for damages to real property occasioned by the alleged obstruction of access and deprivation of light and air because of the construction by defendant railroad company of an elevated structure in a public street, binding instructions for the defendant should be given where the plaintiff fails to show title to the property upon which he alleges an additional servitude was imposed.

Argued March 24, 1915.  Appeal, No. 86, Jan. T., 1915, by plaintiff, from judgment of C. P. No. 5, Philadelphia Co., March T., 1912, No. 3153, for defendant n. o. v. in case of Henry Christie v. Philadelphia & Reading Railway Company.  Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ.  Affirmed.

Trespass for damage to real property.  Before MARTIN, P. J.

The plaintiff filed a statement of claim claiming compensation for damages to premises at the southwest corner of Ninth and Poplar streets, Philadelphia, occasioned by the obstruction of access to such property by defendant company's erecting and maintaining an elevated structure along Ninth street.  The statement was subsequently amended to cover damages for injury to the corner property occasioned by the deprivation of light and air.

At the trial the plaintiff offered in evidence an agreement between the Philadelphia, Germantown and Norristown Railroad, predecessor in title to the defendant, and Henry Pratt, plaintiff's predecessor in title, recognizing Platt as the owner of lands adjoining on and lying near to Ninth street, and also proved title from Henry

Pratt to himself, but offered no evidence beyond the agreement to prove title in Pratt to the bed of Ninth street. It also appeared by the agreement between the railroad company and Pratt that if the railroad ever ceased to use the street for railroad purposes the part occupied by it should be and remain a part of the public highway, and there was evidence of an absolute and complete dedication of the full width of the street as a public highway.

Verdict for the plaintiff for $4,500. The court subsequently entered judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned* was entering judgment for defendant n. o. v.

*Joseph Gilfillan,* of *Graham & Gilfillan,* for appellant, cited: Grier v. Simpson, 27 Pa. 183; Fitzell v. Philadelphia, 211 Pa. 1; Neely v. Philadelphia, 212 Pa. 551; Oliver v. Ormsby, 224 Pa. 564; Willock v. Beaver Valley R. R. Co., 222 Pa. 590; Jones v. Erie & Wyoming Valley R. R. Co., 151 Pa. 30.

*Abraham M. Beitler,* with him *Edward Hopkinson, Jr., Charles Heebner* and *Samuel Dickson,* for appellee, cited: Crist v. Boust, 26 Pa. Superior Ct. 543; Bonaffon v. Peters, 134 Pa. 180.

Per Curiam, April 19, 1915:

In this action of trespass to recover for damages done to property which appellant alleges in his statement of claim he owns, there was a verdict in his favor. Subsequently judgment was entered for the defendant non obstante veredicto, for the reason that the plaintiff had failed to show title to the property upon which he alleges an additional servitude was imposed. This action of the court was proper, and its judgment is now affirmed.